# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NANCY ULLAURI-MORON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEVADA DEPARTMENT OF EMPLOYMENT, ) <br> TRAINING, AND REHABILITATION, ) <br> ) <br> Defendant. ) | Case No.  2:12-cv-01569-JCM-CWH <br><br> **ORDER AND** <br> **REPORT & RECOMMENDATION** |

This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on September 5, 2012.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(a).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under 28 U.S.C. § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment*.  See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

**A.    Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Plaintiff appears to be appealing a decision of the Nevada Department of Employment Training and Rehabilitation ("DETR") disqualifying her from unemployment benefits beginning

March 25, 2012. Plaintiff included a copy of a letter dated July 31, 2012 from DETR indicating that Plaintiff was overpaid unemployment benefits and $5,544 must be refunded to the State of Nevada pursuant to N.R.S. 612.365. (#2: 8). The letter explains that DETR's decision is final unless Plaintiff files an appeal with DETR by August 13, 2012. Nevada Revised Statutes provide that a person seeking unemployment benefits must exhaust administrative remedies before she can file a lawsuit. *See* N.R.S. 612.450 *et seq.* Failure to comply with the statutory requirements is grounds for dismissal of appeal. *See, e.g., Kame v. Emp. Sec. Dept.*, 769 P.2d 66 (Nev. 1989); *Walker v. State of Nev. Dept. Of Emp. and Security, et al.*, 2011 WL 167545 (D. Nev. Jan. 19, 2011). Plaintiff submitted no documentation demonstrating that she properly appealed the overpayment decision within the required time period. Therefore, Plaintiff failed to exhaust her administrative remedies under Nevada law and this Court lacks subject matter jurisdiction. Additionally, if Plaintiff timely appealed the DETR decision, her request for a review of that appeal should be brought before the District Court for the State of Nevada in the County in which the work was performed, rather than the United States District Court. *See* N.R.S. 612.525.

### B. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Plaintiff asserts damages of $300,000.00 in her complaint. However, Plaintiff states that he is a citizen of Nevada, but does not provide the citizenship of Defendants. The diversity jurisdiction statute requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Plaintiff and the Defendants appear to be Nevada citizens so there is no diversity jurisdiction in this case. As such, this Court does not have jurisdiction to hear Plaintiff's appeal and Plaintiff cannot cure this deficiency by amending her complaint.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* (#1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty

dollars ($350.00).  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-2).

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (#1-2) be **dismissed with prejudice** because Plaintiff failed to invoke this Court's jurisdiction.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of September, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**